UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPITECH, INC., a corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COOPER INDUSTRIES, PLC, a corporation; and DOES 1 through 30, inclusive,<br><br>　　　　　Defendants. | Case No.: 11-cv-1693-JM-WVG<br><br>**ORDER GRANTING MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND**<br><br>Docket No. 4 |

　　　On June 13, 2011, Plaintiff Epitech, Inc. ("Epitech") filed a complaint against Cooper Industries, PLC ("Cooper") in San Diego County Superior Court alleging false promise and breach of contract. On July 29, Defendant removed the action to this court, and thereafter filed a motion to dismiss the false promise claim under Fed. R. Civ. Pro. 12(b)(6). For the reasons discussed below, the motion to dismiss is GRANTED, and Plaintiff is granted twenty days' leave to amend the false promise claim.

/ / /

/ / /

1

## I. BACKGROUND

The complaint alleges that in August 2010, the United States government awarded Epitech a contract to manufacture "a certain cable and wire harness assembly." ¶ 7.  The next month, Epitech obtained a quotation from Cooper for the sale of an electrical connector that Epitech intended to use in fulfilling its government contract.  ¶ 8.  In the quotation, Cooper stated that there was an International Traffic in Arms Regulation ("ITAR") prohibiting Cooper from obtaining the connector from certain suppliers. ¶ 8.  Under the terms of the quotation, Cooper would sell the connector to Epitech for $5.45 per unit during the time the ITAR was in effect.  ¶ 8.  The quotation also stated that when Cooper was able to obtain the connector from a less expensive supplier, it would sell the connector to Epitech for a lower price.  ¶ 8.  Epitech accepted the offer through a purchase order issued to Cooper on September 28, 2010.  ¶ 9.

The complaint further alleges that "Cooper sold connectors to Epitech at a unit price of $5.45 after the ITAR restriction had been removed, if there ever was an ITAR restriction."  ¶ 10.  The complaint consists of one claim for false promise and one for breach of contract.  Cooper challenges only the false promise claim.

## II. LEGAL STANDARD

False promise is a type of fraud and requires misrepresentation, knowledge of falsity, intent to induce reliance, reasonable reliance, and resulting damages.  Engalla v. Permanente Medical Group, 15 Cal. 4th 951, 973-74 (1997).

Ninth Circuit law governing the pleading requirements for a fraud claim is based on Fed. R. Civ. Pro. 9(b), which provides that "a party must state with particularity the circumstances constituting fraud or mistake."  A plaintiff alleging fraud must also meet pleading standards under Fed. R. Civ. Pro. 8(a) as explained in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)

and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

Under Rule 9(b), "a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'"  Cafasso, 637 F.3d at 1055 (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010).  Furthermore, the circumstances alleged by a plaintiff must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).  The heightened pleading standard also avoids unnecessary reputational harm and excessive costs of litigation.  Id. at 1125.

Several Ninth Circuit securities fraud cases have closely examined the requirements of pleading the actual falsity of the claims made and the defendant's knowledge of that falsity.  The court in In re GlenFed, Inc. Securities Litigation, 42 F.3d 1541 (9th Cir. 1994), noted that "our cases have consistently required that circumstances indicating falseness be set forth" and that it is "insufficient to set forth conclusory allegations of fraud . . . punctuated by a handful of neutral facts."  Id. at 1547-48 (citation omitted).  Similarly, Yourish v. California Amplifier, 191 F.3d 983 (9th Cir. 1999) dismissed a securities fraud action because plaintiffs merely alleged the existence of material, non-public information without any other details about existence of that information.  The court noted that "if such unsupported general claims were sufficient . . . [plaintiffs] could merely identify a given statement by the defendant and then simply allege that the substance of the statement was contradicted by contemporaneous information contained in internal reports."  Id. at 994.

## III. DISCUSSION

Although Plaintiff's complaint sufficiently alleges the existence of its contract with Cooper, reliance on certain representations, and damages, the false promise claim fails to meet the 9(b) standard for pleading fraud. Instead, the claim consists of conclusory statements that either of two scenarios transpired: (1) the ITAR never existed and Cooper lied about its existence, or (2) the ITAR was rescinded and Cooper neither notified Plaintiff nor lowered the price. Missing are allegations supporting either theory. These alternative theories implicate different states of knowledge and scienter.[1] Once again, the Ninth Circuit has articulated that the complaint must set forth the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). While Epitech may argue it has specifically stated that the price quotation contained the misrepresentation, it has not identified "the specific content of the false representation[]" as it does not purport to know whether the falsehood was the quotation's statement of the existence of an ITAR or its statement that the price would be reduced when the ITAR was rescinded. Rather than pleading the circumstances surrounding the false promise, the present form of the false promise claim could indeed be described as a "handful of neutral facts" accompanied by conclusory allegations of fraud. GlenFed, 42 F.3d at 1548.

GlenFed and Yourish can be distinguished factually because they involved securities fraud while this case contains a simpler false promise claim, but that does not alter the disposition. In Yourish, the alleged false statements at issue (positive statements about the

---

[1] In its opposition to the motion to dismiss, Epitech points out that "in paragraph 14 [of the complaint], Epitech alleges it stopped purchasing connectors from Cooper Defendants after Epitech discovered Cooper Defendants' concealment of the removal of the ITAR restriction." Though the complaint and the opposition brief both refer to this discovery of concealment, neither provides any clarity on how the discovery of concealment was made or the content of that discovery.

4

company made to analysts and the market) were supposedly contradicted by internal information possessed by the company.  Id.  The Ninth Circuit found that 9(b)'s requirements were not met because plaintiffs did not identify the type of information at issue or how the defendants came across it.  Presumably, such a lack of information was problematic partially because it put the defendants in the position of defending against unspecified allegations of misconduct.  While in this case Cooper has a better idea of the charges against it, the false promise cause of action is still vague enough that Cooper would be forced to simply deny the wrongdoing alleged.  Allowing the complaint to stand as-is would violate Kearns' requirement that pleadings inform defendants of the exact misconduct that is alleged to have occurred.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

## IV. CONCLUSION

Rule 9(b) exists in part to protect defendants from being harmed by baseless charges and to protect society and the courts from the social and economic costs of litigating fraud issues lacking serious foundation.  See Kearns, 567 F.3d at 1125.  Because the false promise claim falls short of the 9(b) standard, the motion to dismiss is hereby GRANTED.  Epitech is granted twenty days to amend its false promise cause of action.

**IT IS SO ORDERED.**

DATED: October 28, 2011

The Honorable Jeffrey T. Miller
United States District Court Judge