UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPITECH, INC., <br><br> Plaintiffs, <br><br> v. <br><br> COOPER WIRING DEVICES, INC., et al., <br><br> Defendants. | Civil No. 11-1693-JM(WVG) <br><br> AMENDED <br> NOTICE AND ORDER FOR SECOND <br> EARLY NEUTRAL EVALUATION <br> CONFERENCE |

IT IS HEREBY ORDERED that a second Early Neutral Evaluation ("ENE") of your case will be held on **June 1, 2012**, at **9:00 AM** before United States Magistrate Judge William V. Gallo, United States Courthouse, Courtroom F, First Floor, 940 Front Street, San Diego, California. The second Early Neutral Evaluation Conference set for May 14, 2012 at 2:00 PM is vacated.

**The following are <u>mandatory</u> guidelines for the parties preparing for the Early Neutral Evaluation Conference.**

**1. Purpose of the Conference**

The purpose of the ENE is to permit an informal discussion between the attorneys, parties and the settlement judge of every

aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged and confidential. Counsel for non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

**2. Personal Appearance of Parties Is Required:**

All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority[1] to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. See S.D. Cal. Civ. L. R. 16.1(c).

**3. Full Settlement Authority Required**

In addition to counsel who will try the case, a party or party representative with full settlement authority must be present for the conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. The person with full settlement authority must be able to negotiate a settlement without being restricted by any predetermined level of authority. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

settle the case during the course of the conference without consulting a superior.

Unless there are **extraordinary circumstances,** persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least one week before the conference. Failure to appear at the ENE conference will be grounds for sanctions.

**4. Settlement Proposal and Response Required**

No later than fifteen (15) days before the scheduled ENE Conference, Plaintiff(s) shall submit to Defendant(s) a written settlement proposal. No later than ten (10) days before the scheduled ENE Conference, Defendant(s) shall submit a response to Plaintiff(s)' settlement proposal. All parties shall be prepared to address in their ENE Statements, and discuss at the ENE Conference, the settlement proposal and the response.

**5. ENE Statements Required**

**The Court requires that the parties file ENE Statements, which may be confidentially submitted within the party's discretion.** No later than **five (5) court days prior to the ENE,** the parties shall submit directly to the undersigned's chambers statements of **five pages or less** which outline the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of, and attempts to settle the case. **All briefs must comply with Judge Gallo's Chambers Rules.**

**6. Case Management Under The Federal Rules of Civil Procedure**

In the event the case does not settle at the ENE Conference, the parties shall also be prepared to discuss the following matters

at the conclusion of the conference.

    a.   Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

    b.   The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

    c.   The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,

    d.   The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

The Court will issue an appropriate order addressing these issues and setting dates as appropriate.

**7. <u>Time Allotted</u>**

The Court generally allots two (2) hours for ENEs. Counsel should be prepared to be succinct and to the point. Requests for additional time must be made in writing in the party's ENE statement, accompanied by a short explanation.

**8. <u>New Parties Must Be Notified by Plaintiff's Counsel</u>**

Plaintiff's counsel shall give notice of the ENE Conference to all parties responding to the Complaint after the date of this Notice.

**9. <u>Requests to Continue an ENE Conference</u>**

Civil Local Rule 16.1(c) requires that an ENE take place within 45 days of the filing of the first answer. Requests to continue ENE conferences are rarely granted. Counsel seeking to reschedule an ENE must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue an ENE conference when extraordinary circumstances exist that make a

continuance appropriate.  In and of itself, having to travel a long distance to appear at the ENE conference is not an extraordinary circumstance.  **Absent extraordinary circumstances, requests for continuances of the ENE conference may not be considered *unless* submitted in *writing* no less than seven (7) calendar days prior to the scheduled conference.**  Please refer to the undersigned's Chambers Rules for additional guidance regarding the areas which must be addressed in the request.

Questions regarding this case may be directed to the Magistrate Judge's Research Attorney at (619) 557-6384.  Please consult the undersigned's Chambers Rules, available on the Court's website, before contacting chambers with any question(s).

IT IS SO ORDERED.

DATED: April 10, 2012

　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　Hon. William V. Gallo
　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge